UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALPHONSE CARLTON PORTER (#380822)**                    **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                              **NO. 07-0550-C-M2**

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, June 20, 2008.

                            **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALPHONSE CARLTON PORTER (#380822)                CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                         NO. 07-0550-C-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss and Motion for Summary Judgment, rec.doc.nos. 13 and 15. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Ass't Warden Shirley Coody and Major Jimmy Smith, complaining that his constitutional rights have been violated, commencing in March, 2006, through conditions to which he has been subjected at Camp J of LSP, specifically an allegedly inoperable ventilation system at his assigned housing location.

Addressing first the defendants' Motion for Summary Judgment, the defendants assert, relying upon a certified copy of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to his claims. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to bringing suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-settled legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that

there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's administrative remedy proceeding filed into the record of this proceeding, the Court concludes that the defendants' motion is without merit and should be denied.  Specifically, whereas the defendants contend that the plaintiff's administrative grievance was subject to being dismissed as untimely - having been filed more than 90 days after the incident complained of in violation of established rules - it is clear that prison officials nonetheless accepted the plaintiff's grievance, processed same, responded substantively to same, and never asserted the untimeliness thereof.  Accordingly, in short, the plaintiff did in fact exhaust his claim through the administrative process as required by 42 U.S.C. § 1997e.  Further, in the Court's view, the nature of the plaintiff's claim,  that he was exposed to unconstitutional conditions of confinement due to excessive heat resulting from an allegedly defective and/or inoperative ventilation system, was more in the nature of a claim of a continuing tort.  As such, in contrast to an episodic event which would be seen to trigger the 90-day grievance-commencement rule, the Court believes that the continuing nature of the alleged deprivation, and the continuing nature of the defendants' alleged failure to repair same, was susceptible of being asserted by the plaintiff for so long as the deprivation continued.  This is apparently the conclusion reached by prison officials when they substantively addressed the plaintiff's grievance and did not raise an untimeliness objection thereto.  Accordingly, the Court rejects the defendants' contention that the plaintiff's claim was not administratively exhausted, and the motion for summary judgment should be denied.

Turning next to the defendants' motion to dismiss, Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a Complaint if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court ruled that, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests ....'" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" and more than a mere "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court further stated that, at the pleading stage, "something beyond ... mere possibility ... must be alleged." Id. In other words, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff asserts that on March 31, 2006, he was transferred to a cell at Camp J of LSP which, upon inspection, had a ventilation system which was not working. As a result, the plaintiff alleges that his environment was "stuffy" and that he was unable to breathe smoothly through his nose. He asserts that, as a result of this condition, his medical condition was aggravated, and he was treated for inflammation of the sinuses, nose-bleeds, overheating and headaches, and was prescribed Benadryl. Although he complained to Ass't Warden Coody and to Major Smith about the ventilation system, nothing was done to fix the problem for more than a year. In addition, the plaintiff's administrative grievance, forwarded to Warden Cain, failed to result in favorable action.

Initially, it is unclear whether the plaintiff has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court views the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, the law is clear that § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a state, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim against the defendants in their individual capacities, the defendants have raised the defense of qualified immunity in response to the plaintiff's allegations. Specifically, the defendants contend that the plaintiff has failed to

make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that the conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that the defendants participated in any violation of his constitutional rights.

Undertaking the Saucier analysis, the Court concludes that at this stage of the proceedings, the defendants' motion to dismiss should be denied. Specifically, the Court finds that the plaintiff has alleged facts which, albeit minimally, overcome the defendants' assertion of the defense of qualified immunity. In this regard, the law is clear under the Eighth Amendment that an inmate has the constitutional right to be free from exposure to cruel and unusual conditions of confinement. While the Eighth Amendment "does not mandate comfortable prisons", Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the

Constitution imposes upon prison officials at least minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and a constitutional violation occurs when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine whether the prison officials responsible for the deprivation have been "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. Specifically, the Court must determine whether prison officials were both aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and whether they also in fact drew the inference. Id. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

The courts of this Circuit have held that, "[a]s a general rule, complaints about inadequacy of the ventilation system, without more, does not establish a constitutional violation." Taylor v. Woods, 2005 WL 1475316 (E.D. Tex. June 22, 2005). See also Johnson v. Thaler, 202 F.3d 265, 1999 WL 1131941 (5th Cir. 1999) ("The appellants' allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"). Notwithstanding, it has also been recognized, in appropriate circumstances, that "temperatures consistently in the

nineties without remedial measures, such as fans, ice water, and showers, sufficiently increase the probability of death and serious illness so as to violate the Eighth Amendment." Valigura v. Mendoza, 2008 WL 344766 (5th Cir. 2008). See also Gates v. Cook, 376 F.3d 323, 339-40 (5th Cir. 2004)(awarding injunctive relief). In addition, the Fifth Circuit court has found that the contours of this right are sufficiently clear as to defeat a motion to dismiss based on qualified immunity. Valigura v. Mendoza, supra.

In the instant case, the plaintiff asserts that he was confined in a cell for approximately a year with an inadequate or non-functioning ventilation system, during which time he allegedly suffered a need for medication resulting from symptoms related to this confinement. While it is likely that, on motion for summary judgment, the defendants will be able, through the introduction of affidavits and the admission of competent evidence, to show that the deprivations suffered by the plaintiff were more in line with those addressed in Taylor v. Woods, supra, than those dealt with in Valigura v. Mendoza, supra, such evidence is not before the Court on a motion to dismiss brought pursuant to Rule 12(b)(6). Accordingly, it is appropriate for the Court to defer ruling on this claim pending an evidentiary showing.

RECOMMENDATION

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 15, be denied. It is further recommended that the defendants' motion to dismiss, rec.doc.no. 13, be granted in part, dismissing the plaintiff's claims asserted against the defendants in

their official capacities, and denied in all other respects, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, June 20, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**