UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALPHONSE CARLTON PORTER (#380822)**                    **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                            **NO. 07-0550-C-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 30, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALPHONSE CARLTON PORTER (#380822)**                    **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                              **NO. 07-0550-C-M2**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 21. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Ass't Warden Shirley Coody and Major Jimmy Smith, complaining that his constitutional rights were violated, commencing in March, 2006, through conditions to which he was subjected at Camp J of LSP, specifically an allegedly inoperable ventilation system at his assigned housing location.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, excerpts from the plaintiff's medical records, air circulation compliance testing documents prepared by Peterson's Air Conditioning & Refr., Inc, and the affidavits of Dr. Jonathan Roundtree, Susan Byargeon, Howard Glen Peterson and defendant Shirley Coody.

Pursuant to well-settled legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set

forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff asserts that on March 31, 2006, he was transferred to a cell at Camp J of LSP which, upon his inspection, he believed to have a ventilation system which was not working. As a result, the plaintiff alleges that his environment was "stuffy" and that he was unable to breathe smoothly through his nose. He asserts that, as a result of this condition, his medical complaints were aggravated, and he was treated for inflammation of the sinuses, nose-bleeds, overheating and headaches, and was prescribed Benadryl. Although he complained to Ass't Warden Coody and to Major Smith about the ventilation system, nothing was done to fix the problem for more than a year. In addition, the plaintiff's administrative grievance, forwarded to Warden Cain, failed to result in favorable action.

Initially, to the extent that the plaintiff complains of the failure of prison officials to respond favorably to his complaints and administrative grievances, the law is clear that the plaintiff has no constitutional right to have his grievances addressed, investigated, or favorably resolved. Further, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit, in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claim regarding the alleged failure of the defendants to properly address, investigate or

respond to his administrative grievances is without legal foundation and must be dismissed.

Turning to the plaintiff's claim regarding the allegedly defective ventilation system, the law is clear under the Eighth Amendment that an inmate has the constitutional right to be free from exposure to cruel and unusual conditions of confinement. While the Eighth Amendment "does not mandate comfortable prisons", Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Constitution imposes upon prison officials at least minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and a constitutional violation occurs when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine whether the prison officials responsible for the deprivation were "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. Specifically, the Court must determine whether prison officials were both aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and whether they also in fact drew the inference. Id. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

The courts of this Circuit have held that, "[a]s a general rule, complaints about inadequate ventilation systems, without more, do not establish a constitutional violation." Taylor v. Woods, 2005 WL 1475316 (E.D. Tex. June 22, 2005).  See also Johnson v. Thaler, 202 F.3d 265, 1999 WL 1131941 (5th Cir. 1999) ("The appellants' allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983").  Notwithstanding, it has also been recognized, in appropriate circumstances, that "temperatures consistently in the nineties without remedial measures, such as fans, ice water, and showers, sufficiently increase the probability of death and serious illness so as to violate the Eighth Amendment."  Valigura v. Mendoza, 2008 WL 344766 (5th Cir. 2008).  See also Gates v. Cook, 376 F.3d 323, 339-40 (5th Cir. 2004)(awarding injunctive relief).

In the instant case, the plaintiff asserts that he was confined in a cellblock for approximately a year with an inadequate or non-functioning ventilation system, during which time he allegedly suffered a need for medication resulting from symptoms related to his confinement.  The defendants have responded with an affidavit, however, asserting that they had no knowledge of non-functioning fans or of deficiencies in the ventilation system in the plaintiff's housing unit at the time of his complaint while housed at that location.  Specifically, they assert that they have reviewed the maintenance records for the plaintiff's housing unit during that period and have found no evidence of complaints or of needed repairs performed at that location.  Moreover, the defendants have provided a sworn affidavit reflecting that an independent audit performed by an outside air conditioning expert in 2007 found that the air circulation within the plaintiff's unit met and, in fact, exceeded the air circulation recommendations of the American Correctional Association.

Based upon this evidence, none of which has been factually refuted by the plaintiff, the Court finds no basis for the imposition of liability against the defendants.  In other words, there is no suggestion that the defendants were subjectively deliberately indifferent to the plaintiff's serious medical needs.  See Taylor v. Woods, supra.

Notwithstanding the foregoing, the plaintiff asserts that, with additional discovery, he could establish the liability of the defendants, and he prays for the Court to allow him to conduct such discovery.  This request is rejected.  It was incumbent upon the plaintiff, prior to the conclusion of the Court-ordered discovery period, to seek additional documentation which he now wishes to obtain.  Not having done so, the plaintiff's request comes too late.

In addition, the plaintiff points to excerpts from his medical records which reflect that he complained to prison health care providers of exposure to heat and of poor air circulation.  This, however, does not establish that any supposed lack of ventilation caused or aggravated his health problems, particularly in light of the independent air circulation analysis which establishes that an adequate level of ventilation existed in the plaintiff's housing unit.  Moreover, the defendants have provided the affidavit of a physician at LSP, who has reviewed the plaintiff's medical records and opines that these records reflect that the plaintiff's medical complaints regarding his sinuses and breathing problems have been essentially the same, if not worse, during times of cooler weather and times that the plaintiff was not housed in the cellblock of which he complains.  This evidence, including the physician's expert opinion that the plaintiff's respiratory complaints were not caused or contributed to by inadequate ventilation, constitutes

persuasive proof that the plaintiff's difficulties were not caused or aggravated by the allegedly malfunctioning ventilation system.

<u>RECOMMENDATION</u>

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 21, be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, October 30, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**